**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6565 W. Sunset Ave., Ste. 410
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com

Attorneys for Plaintiff
JOHN KRISTENSEN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KRISTENSEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT ONE BANK, N.A.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

## NATURE OF THE CASE

1. Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of CREDIT ONE BANK, N.A.

("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff and on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper as Plaintiff seeks redress under a federal statute, thus this Court has jurisdiction as this matter involves questions of federal law.

3. Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and the Central District of California and Plaintiff resides within this district.

## PARTIES

4. Plaintiff, JOHN KRISTENSEN ("Plaintiff"), is a natural person residing in Los Angeles County, California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

5. Defendant, CREDIT ONE BANK, N.A. ("Defendant"), national association specializing in consumer credit lending with its state of incorporation and its corporate headquarters in the State of Nevada and is a "person" as defined by *47 U.S.C. § 153 (10)*.

## FACTUAL ALLEGATIONS

6. On or about May 27, 2014 at approximately 10:20am Defendant placed a telephone call to Plaintiff's cellular telephone number ending in 9711, which Plaintiff has possessed exclusively for more than four (4) years.

7. Defendant placed its calls from telephone number (210) 892-2188.

8. The purpose of Defendant's call was to attempt to collect an alleged unpaid debt owed not by Plaintiff but by a person named Laura Burgess.

9. Plaintiff answered Defendant's call. However, when Plaintiff answered the call, he was greeted with "dead air" whereby no person was on the other line. After several seconds, a male agent was connected to the automated call,

1  greeted Plaintiff and sought to speak with the aforementioned Laura Burgess.

2      10.    Plaintiff promptly advised Defendant's agent that he was not the
3  alleged debtor and did not know the alleged debtor.

4      11.    Defendant used an "automatic telephone dialing system", as defined
5  by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff seeking to collect the alleged
6  debt owed by Laura Burgess. The dead air that the Plaintiff experienced on the call
7  that he received, coupled with the fact that Defendant's call was placed from a
8  Texas phone number but Defendant's agent was an outsourced employee not
9  residing in the United States, is indicative of the use of an automatic telephone
10 dialing system.

11     12.    Defendant's call constituted a call that was not for emergency
12 purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

13     13.    Defendant's call was placed to a telephone number assigned to a
14 cellular telephone service for which Plaintiff incurs a charge for incoming calls
15 pursuant to *47 U.S.C. § 227(b)(1)*.

16     14.    Plaintiff has no business relationship with Defendant whatsoever and
17 never provided Defendant with his cellular telephone number for any purpose.
18 Further, Plaintiff is not the alleged debtor and has never known the alleged debtor.
19 Accordingly, Defendant did not have Plaintiff's "prior express consent" to receive
20 calls using an automatic telephone dialing system on his cellular telephone pursuant
21 to *47 U.S.C. § 227(b)(1)(A)*.

22 **CLASS ALLEGATIONS**

23     15.    Plaintiff brings this action on behalf of himself and all others similarly
24 situated, as a member of the proposed class (hereafter "The Class") defined as
25 follows:

26 ///
27 ///
28 ///

>All persons within the United States who received any telephone calls from Defendant or Defendant's agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of this Complaint

16. Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any telephone calls from Defendant or Defendant's agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of this Complaint.

17. Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

18. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

19. Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

///

///

20. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant made any telephone call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

    b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

21. As a person that received a call from Defendant using an automatic telephone dialing system, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

22. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

23. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties

and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

24. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

25. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

26. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-26.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

28. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

29. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///
///
///

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

30. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

31. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

32. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

33. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.
- Injunctive relief.
- Any and all other relief that the Court deems just and proper.

///

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Injunctive relief.
- Any and all other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Date: October 15, 2014            **MARTIN & BONTRAGER, APC**

By: */s/ Nicholas J. Bontrager*
Nicholas J. Bontrager
Attorneys for Plaintiff