**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JOHN KRISTENSEN, | ) | Case No. CV 14-7963 DMG (AJWx) |
| | ) | |
| Plaintiff, | ) | **ORDER RE PLAINTIFF'S MOTION** |
| | ) | **FOR CERTIFICATION OF PARTIAL** |
| v. | ) | **FINAL JUDGMENT OF JULY 11, 2016** |
| | ) | **ORDER AND MOTION TO AMEND** |
| CREDIT ONE BANK, N.A., | ) | **AND CERTIFY JULY 11, 2016** |
| | ) | **ORDER FOR INTERLOCUTORY** |
| Defendant. | ) | **REVIEW PURSUANT TO 28 U.S.C. §** |
| | ) | **1292(b) [76]** |

# I.
## PROCEDURAL BACKGROUND

On October 15, 2014, Plaintiff John Kristensen filed a class action complaint against Defendant Credit One Bank, N.A. ("Credit One") for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and California Penal Code §§ 632 and 632.7 on behalf of himself and others similarly situated. [Doc. # 1.] On November 12, 2014, Plaintiff filed a first amended class action complaint ("FAC") adding First Contact, LLC ("First Contact") as a defendant. [Doc. # 11.] The FAC alleges that Credit One, through its agent, iEnergizer ("NRG"),[1] placed an autodialed call to Plaintiff to collect a debt owed by a third party and Credit One customer, Laura Burgess, who mistakenly provided Plaintiff's number instead of her own number on her credit card application with Credit One. [Doc. # 11 at ¶¶ 15-17.] The FAC further alleges that this matter should be certified as a class action encompassing all individuals who received any calls from Credit One or its agents through the use of an automatic telephone dialing system or who were recorded during inbound and outbound calls with Credit One or its agents without the class members' consent. [*Id.* at ¶¶ 30-53.] On March 16, 2015, the Court granted Plaintiff's request to dismiss Defendant First Contact without prejudice. [Doc. # 24.]

On May 20, 2016, Credit One filed a motion for summary judgment ("MSJ") as to all claims. [Doc. # 55.] On July 11, 2016, the Court issued an order ("Order") granting Credit One's MSJ with respect to Plaintiff's California Penal Code Claims under Sections 632 and 632.7 on the ground that Credit One could not be held vicariously liable for NRG's phone call to Plaintiff.[2] [Doc. # 72.] The Court issued an order to show cause

---

[1] While the FAC makes no reference to NRG, Credit One's MSJ and Plaintiff's opposition to Credit One's MSJ specifies that it was NRG that placed the call to Plaintiff.

[2] In Credit One's MSJ, Credit One proffered five proposed grounds for granting its MSJ: (1) Plaintiff's experience as an attorney put him on notice that the call was recorded and thus Plaintiff implicitly consented to the phone call (MSJ at 15-16); (2) Credit One could not be held liable because it believed it was calling the intended recipient of the phone call and thus there was a mistake of fact (*id.* at

1   why the remainder of the action should not be stayed pending the D.C. Circuit's ruling in

2   *ACA International*.  [*Id.*]  The Court later stayed the action.  [Doc. # 75.]

3        On August 9, 2016, Plaintiff filed the instant Motion for Certification of Partial

4   Final Judgment pursuant to Federal Rule of Civil Procedure 54(b) or, alternatively, for

5   Interlocutory Review pursuant to 28 U.S.C. § 1292(b) of the portion of the Court's Order

6   granting summary adjudication of the California claims ("Motion").  [Doc. # 76.]  On

7   August 19, 2016, Credit One filed an opposition ("Opposition").  [Doc. # 77.]  On August

8   26, 2016, Plaintiff filed a reply in support of its Motion.  ("Reply").  [Doc. # 78.]

9        The Court has duly considered the parties' written submissions.  For the reasons

10  discussed below, the Court **DENIES** Plaintiff's Motion.

11

12                                        II.

13                            **LEGAL STANDARD**

14  **A.    Rule 54(b)**

15        Rule 54(b) provides that "[w]hen an action presents more than one claim for relief

16  . . . or when multiple parties are involved, the court may direct entry of a final judgment

17  as to one or more, but fewer than all, claims or parties only if the court expressly

18  determines that there is no just reason for delay."  In evaluating a Rule 54(b) motion, a

19  district court must first determine that it has rendered a "final judgment," i.e., a judgment

20  that is "'an ultimate disposition of an individual claim entered in the course of a multiple

21  claims action.'"  *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (quoting

22  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)).  The court must then

23

24  ─────────────────────────────────────────

25  16-18); (3) there was no evidence that the call was recorded (*id.* at 20); (4) Credit One could not be held
    vicariously liable for NRG's actions (*id.* at 18-20); and (5) the statutes at issue are unconstitutional (*id.*
26  at 20-25).  The Court held that there was a triable issue of fact as to whether Plaintiff was aware that the
    phone call was recorded and thus consented to the phone call, whether the call was recorded, and
27  whether NRG intended to record Plaintiff without his consent or instead made a mistake of fact. (Order
    at 8-12.)  Because the Court held Credit One could not be held vicariously liable, however, it did not
28  analyze whether the statutes at issue are unconstitutional.  (*Id.* at 11-14.)

determine whether, "'in the interest of sound judicial administration,'" there is "any just reason for delay." *Id.* (quoting *Curtiss-Wright*, 446 U.S. at 8). Determination of whether there is any just reason for delay is committed solely to the discretion of the district court. *Id.*; *Walter W. Johnson Co. v. Reconstruction Fin. Corp.*, 223 F.2d 101, 102-03 (9th Cir. 1955). In exercising its discretion, the Court may consider: (1) whether the claims that have been finally adjudicated are "separate, distinct, and independent of any of the other claims . . . involved;" (2) whether "review of the[ ] adjudicated claims would . . . be mooted by any future developments in the case;" and (3) whether "the nature of the claims was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp.*, 446 U.S. at 5-6.

This discretion is to be exercised "in the interest of sound judicial administration" in order to preserve "the historic federal policy against piecemeal appeals." *Wood*, 422 F.3d at 878 (internal citations omitted). The court's power to enter such a final judgment before the entire case is concluded should "be exercised sparingly." *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991).

**B.    Rule 28 U.S.C. § 1292(b)**

Under 28 U.S.C. § 1292(b), a district court may certify for immediate appeal an otherwise unappealable interlocutory order where an order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Ninth Circuit has construed section 1292(b) to constitute three separate requirements, specifically: "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *See In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1982).

Because Section 1292(b) "is a departure from the normal rule that only final judgments are appealable," it too "must be construed narrowly" and invoked only in "rare

circumstances." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). Section 1292(b) certification "requires the district court to expressly find in writing that all three § 1292(b) requirements are met." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

## III.
### DISCUSSION

**A.    Rule 54(b)**

The Court's Order disposed of Plaintiff's California claims and thus rendered a "final judgment" with respect to those claims. *Wood*, 422 F.3d at 878. The Court finds, however, that a further limited delay in this matter would not prejudice either side. The TCPA claims are stayed pending resolution in *ACA International* and as the Court noted in its order staying this action, it appears that a decision by the D.C. Circuit is within reach. [Doc. # 75 at 3.] The parties completed their briefing and the D.C. Circuit will hear oral arguments on the matter on October 19, 2016. Clerk's Order, *ACA International*, No. 15-1211 (D.C. Cir. July 25, 2016), Doc. # 1626666. Once the D.C. Circuit issues its order, this Court will be able to resolve the summary judgment motion in its entirety. Certifying the Order under Rule 54(b) and allowing Plaintiff to immediately appeal the Court's grant of summary adjudication of the California claims will not "streamline the ensuing litigation" or limit the issues to be tried. (Motion at 20.) Since the Court has already disposed of the California claims in granting summary adjudication, it is clear already that those claims will not be tried.

Further, the California claims are related to the TCPA claims and "the nature of the claims [are] such that [the Ninth Circuit] would have to decide the same issues more than once . . ." if there are subsequent appeals. *Curtiss-Wright Corp.*, 446 U.S. at 6. The Court stayed the TCPA claims to allow for further clarification from the D.C. Circuit regarding the consent required to shield the caller from liability under the TCPA. In its July 10, 2015 Omnibus Declaratory Ruling and Order, the Federal Communications

Commission ("FCC") clarified that the "TCPA requires the consent not of the intended recipient of a call, but of the current subscriber." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd 7961, 7999-8000 (2015). ACA International challenges various aspects of the 2015 ruling, including the FCC's ruling that the TCPA requires the consent of the current subscriber or actual recipient of the call rather than the intended recipient of the call. *See* Joint Brief for Petitioners, ACA International, No. 15-1211 (D.C. Cir. Nov. 25, 2015), Doc. # 1585568.

If the D.C. Circuit holds that the TCPA only requires consent of the intended recipient of the call, this Court will have to analyze whether Credit One intended to call Plaintiff or whether Credit One intended to call Burgess. Further, this Court will need to address Credit One's argument in its MSJ that there is a good faith defense to claims asserted under the TCPA. If there is an appeal relating to the TCPA claims, the Ninth Circuit will have to review these determinations that undoubtedly overlap with the determination it would be tasked with making regarding whether Credit One can be held vicariously liable for NRG's call to Plaintiff under California Penal Code §§ 632 and 632.7. Permitting a piecemeal appeal in this case would not promote judicial economy.

The Court therefore **DENIES** Plaintiff's Motion for Certification of Partial Final Judgment pursuant to Federal Rule of Civil Procedure 54(b).

**B.    28 U.S.C. § 1292(b)**

The Court denies Plaintiff's Rule § 1292(b) motion because an immediate appeal will not materially advance the litigation, but may instead substantially delay the litigation. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (The Ninth Circuit's reversal would materially advance the litigation where it would dismiss one of the defendants and would dismiss one of the plaintiff's claims against all of the remaining defendants.); *McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) (citation omitted) (The requirement that the interlocutory appeal materially advance the litigation "is not a difficult requirement to understand. It means that resolution of a controlling legal question would serve to avoid a trial or otherwise

1 | substantially shorten the litigation.").  If the Ninth Circuit reverses this Court's Order, it
2 | will revive two claims to be adjudicated at trial and will not avoid trial or shorten the
3 | litigation in any way.

4 |      The Court therefore **DENIES** Plaintiff's Motion for Interlocutory Review pursuant
5 | to 28 U.S.C. § 1292(b).

6 | IV.

7 | CONCLUSION

8 |      In light of the foregoing, Plaintiff's Motion is **DENIED**.

10 | **IT IS SO ORDERED.**

12 | DATED:  October 6, 2016

 

                                          _____

                                           DOLLY M. GEE
                             UNITED STATES DISTRICT JUDGE